UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VERDELL TERRIA JONES,

    Plaintiff,

v.                                                        CASE NO. 3:17-cv-603-J-39MCR

STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 1). For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

**I.    Allegations in the Complaint**

*Pro se* Plaintiff, Verdell Terria Jones, brings this "Action for Trespass and Trespass on the Case" against the following Defendants: State of Florida, Attorney General, Public Defender, County of Duval, County of Suwannee,

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

County of Columbia, Federal Bureau [of] Investigation, Prosecutor, Katy Land, and Kevin Frien [sic]. (Doc. 2.) In the body of the Complaint, Plaintiff also names as Defendants the following entities and individuals: Florida Highway Patrol, City of Jacksonville, JSO officer, Defendant Toomey, and Defendant Rosenblum. (*See id.*) Plaintiff alleges that she "is not a U.S. Citizen, U.S. person or corporation," but rather "a non-citizen national of the united [sic] States of America, a people on the land."[2] (*Id.* at 3.)

Plaintiff alleges that "[e]ach defendant exceeded jurisdiction under color of law by either directly, or through an agent, or in concert with another, in an attempt to unlawfully, forcefully and vindictively prosecute claimant for daring to enforce [her] natural and constitutional rights." (*Id.* at 2.) Plaintiff claims that her Constitutional rights and state and federal statutes have been violated.[3] (*Id.*) More specifically, Plaintiff alleges:

> 13. On April 10, 2017 claimant was returning home from work "traveling" south, while defendant JSO officer was "driving" northbound in the opposite lane. Claimant was traveling behind two other automobiles when defendant JSO officer

---

[2] Essentially, Plaintiff considers herself to be a "sovereign citizen." As Judge Toomey noted, sovereign citizens "believe they are not subject to the jurisdiction of the courts and [] frequently deny that they are the defendants in the action, instead referring to themselves as third-party intervenors . . . . Courts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous." (Doc. 69 at 2 n.4 in Case No. 3:17-cr-58-J-39JBT (citing *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013)).)

[3] Plaintiff cites to 18 U.S.C. § 241 (Conspiracy Against Rights), § 242 (Deprivation of Rights Under Color of Law).

> 14. slammed on the breaks of the Florida JSO officer "vehicle" making a dangerously abrupt U-turn in the middle of the highway.
> 14. Defendant JSO officer came up on claimant and followed me to Lem Turner rd. [sic] I went home and went inside.  At 9:00pm officer lefted [sic].  Around 5:50 Am [sic] Kevin Frien [sic] demanded claimant's [sic] "open the front door" [sic] Claimant was in fear for personal safety due to defendant Friens's [sic] highly aggressive and agitated demeanor coupled with defendant's threatening body language (including placing hand on his sidearm).  Defendant ordered claimant, "Get out of the bathroom"; under extreme duress and great fear for my life claimant complied with the defendant's order., [sic] Defendant kicked the door in [sic] put the gun to the children [sic] head [sic] And [sic] told them to get there fucking hands up from under the covers.
> 15. Claimant exited her bathroom and moved out of the house to the front porch as directed under defendant Frien's [sic] order.
> 16. Defendant handed claimant shoes to put on my feet [sic] took my blue box without permission [sic] taken [sic] device under threat of violence.
> 17. Defendant demanded you will go to jail!" [sic]  Claimant complied with defendant's coercive threat of force, seizure of private property, unlawful arrest and incarceration.
> 19. Defendant unlawfully obstructed claimant from her private property under duress. . . .
> 20. Defendant Frien [sic] falsely swore in an affidavit that he had probable cause to detain claimant and referred to claimant as a "person" who committed "offenses contrary to law". [sic]

(*Id.* at 3-4.)[4]

Plaintiff then proceeds to her second cause of action – "trespass on case," where she alleges that on April 11, 2017, she "was in the inferior court . . . on special appearance under duress for fear of violence from defendants standing before defendant." (*Id.* at 4.)  Specifically, Plaintiff alleges:

---

[4] The numbering of the paragraphs is exactly as it appears in the Complaint.

24. Defendant Toomey asked claimant, "Do you plea [sic] 'guilty' or 'not guilty'?" Defendant Rosenblum failed to instruct claimant concerning a plea of 'no contest' nor did he inform claimant of his [sic] right to object to the statutes. Claimant objected to the demand for a plea and further objected that the court was not a constitutionally compliant court of record nor [sic]
26. Defendant Toomey then entered a false statement on the inferior court's record claiming claimant had entered a plea of "not guilty to the false statement made by Defendant Rosenblum (on his [sic] behalf) who acted in conflict by advocating for the claimant while presiding on the bench for the State.
25. Defendant Toomey appointed defendant Rosenblum to represent claimant in subsequent proceedings for Case No.3:17-cr-58-J-39JBT. Claimant objected.
26. Defendant Rosenblum failed to proceed according to the common law as required, and instead participated in a fraud to aid a corporation to extort the private property of claimant.

(*Id.*)

In her third cause of action for trespass, Plaintiff incorporates all preceding allegations and further alleges that on April 13, 2017, she "was back in the inferior court by special appearance under duress for fear of violence from defendants standing before defendant Toomey." (*Id.* at 5.) In conclusion, Plaintiff requests "a declaratory judgment ordering the State of Florida and all its subdivisions, municipalities," etc. to update their records removing Plaintiff from their respective jurisdictions; "a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege" and that their "actions were in excess of statutory jurisdiction, authority and short of statutory right"; a permanent injunction against Defendants for "interfering with claimant's lawful right of free travel"; a

return of Plaintiff's passport; "a judgment dismissing the cause in the Federal Court under the case number 3:17-cr-58-J-39JBT for which claimant was arrested"; an order requiring Defendants Rosenblum, Toomey, and Frien [sic] to produce evidence; and judgment for costs and interest. (*Id.* at 5-6.)

## II. Standard

A court receiving an application to proceed *in forma pauperis* must dismiss the action *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).

A complaint fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2) & 12(b)(6)). To show entitlement to relief, Plaintiff must include a short and plain statement of facts in support of her claims. Fed.R.Civ.P. 8(a). This statement of facts must show the plausibility of Plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, to "promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate

count." Fed.R.Civ.P. 10(b).

### III. Discussion

Even when construed liberally,[5] the Complaint fails to adequately state the basis for the Court's jurisdiction, fails to state a claim on which relief may be granted, and appears frivolous. Assuming that this Court has original jurisdiction over this case,[6] Plaintiff has not adequately alleged how each named Defendant has violated her rights. Given that many, if not all, of the named Defendants are state or federal government entities or their employees, who are/were allegedly involved in Plaintiff's arrest and ongoing criminal prosecution, it appears that these Defendants may be immune from suit.

It is appropriate to take judicial notice of the criminal case against Ms. Jones pending in this District, Case No. 3:17-cr-58-J-39JBT, in order to better understand her allegations in the present case. *See, e.g.*, *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. Aug. 16, 2010) (per curiam) (finding that the district court properly took judicial notice of the documents in plaintiff's first case); *Key v. Romeoville Police Dep't*, Case No. 15 C 9266, 2016 WL 4765710, *2 (N.D. Ill. Sept. 13, 2016) (taking judicial notice of the docket in a criminal case against

---

[5] The pleadings of *pro se* litigants, like Plaintiff, must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium).

[6] Plaintiff cites to 18 U.S.C. § 241 (Conspiracy Against Rights) and § 242 (Deprivation of Rights Under Color of Law).

plaintiff).  In the criminal case, Judge Davis is the assigned District Judge, Judge Toomey is the assigned Magistrate Judge, Kevin Frein is the Assistant United States Attorney prosecuting the case (with Michael Coolican as co-counsel), and Mark Rosenblum is the Assistant Federal Public Defender currently designated as standby counsel.

The docket of the pending federal criminal case indicates that a federal grand jury charged Ms. Jones with ten counts of fictitious obligations fraud in violation of 18 U.S.C. § 514(a)(2), she was arrested on April 11, 2017, and she was seen by Judge Toomey that day for an initial appearance, at which time the Court appointed the Federal Public Defender to represent her.  On April 13, 2017, Judge Toomey saw Plaintiff for an arraignment/detention hearing, at which time she entered a plea of not guilty to all counts in the Indictment and an unsecured appearance bond was set in the amount of $10,000, with no deposit required to the Registry of the Court.  Subsequently, Plaintiff surrendered her passport to the custody of the Clerk of Court.  On June 29, 2017, Judge Toomey granted the Federal Defender's Motion to Withdraw, but ordered Mr. Rosenblum to act as standby counsel until further order of the Court.

The docket of the federal criminal case also indicates that on July 28, 2017, a warrant for Ms. Jones's arrest was issued by Columbia County, Florida, for unlawful filing with intent to defraud or harass.  (*See* Doc. 62 in Case No. 3:17-cr-58-J-39JBT.)  As of August 21, 2017, Ms. Jones was apparently in state custody.

7

(*See* Doc. 68 in Case No. 3:17-cr-58-J-39JBT.)  On August 23, 2017, she was arrested on a federal arrest warrant on a Petition for Action on Conditions of Pretrial Release and Addendum to Violation Report dated August 3, 2017 and Second Addendum to Violation Report dated August 23, 2017.  (Doc. 70 in Case No. 3:17-cr-58-J-39JBT.)  On August 25, 2017, Judge Toomey denied the Government's oral motion to revoke Ms. Jones's bond, but modified the Release Order to prohibit Ms. Jones from filing documents in the official records of any county in Florida or elsewhere without prior permission of the Court.  (Doc. 76 in Case No. 3:17-cr-58-J-39JBT.)  Currently, the federal criminal case against Ms. Jones is set for the trial term commencing October 2, 2017.

It is obvious that Plaintiff is using the present civil action to challenge her arrest and ongoing criminal prosecution in this District.  However, it is inappropriate to do so.  "A criminal defendant may not utilize constitutional tort litigation to supplement—or sidetrack—the criminal proceedings.  Parallel civil and criminal proceedings create the possibility of inconsistent rulings."  *Key v. Romeoville Police Dep't*, Case No. 15 C 9266, 2016 WL 4765710, *4 (N.D. Ill. Sept. 13, 2016) (quoting *Rankins v. Winzeler*, No. 02 C 50507, 2003 WL 21058536, *6 (N.D. Ill. May 9, 2003)).  As stated in *Key*, a "final judgment in a criminal proceeding could bar the defendant's civil challenge to the lawfulness of a search that the defendant unsuccessfully contested in [her] criminal proceedings, but a judgment in a civil suit cannot bind the United States in

criminal proceedings where the United States was not a party to the civil suit." 2016 WL 4765710 at *5.

In the present civil action, the identity of the named Defendants and their role in the case are far from clear. As the United States is technically not a party to the present civil suit, it is unclear how this Court could grant the requested relief, such as dismissal of the criminal case against Ms. Jones, even ignoring any deficiencies in the Complaint as pled. Any challenges relating to the pending federal criminal case should be raised by filing a proper motion in that case or filing an appeal. *See Green v. Richardson*, No. 09–3234-RDR, 2009 WL 4049973, *2 (D. Kan. Nov. 20, 2009) ("This and any other defense he may have to the criminal charges against him can and must initially be raised in the criminal matter, and on appeal to the Eighth Circuit Court of Appeals, as necessary and as permitted. . . . To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."); *see also Thompson v. Robinson*, No. 13–3327, 565 F. App'x 738, 739 (10th Cir. May 6, 2014) ("[Petitioner] asserts a Kansas judge violated his Fourth Amendment rights by issuing unconstitutional search warrants and authorizing unconstitutional wiretaps. He also claims that the state of Kansas violated the Extradition Act and his Fifth Amendment due process rights by turning him over to federal jurisdiction. Because these claims relate to [petitioner's] pending federal case, our concern for judicial economy

9

dictates that he must exhaust them before the presiding judge . . . , or on appeal after his conviction."); *Whitmer v. Levi*, No. 07-4823, 276 F. App'x 217, 218-19 (3d Cir. Apr. 28, 2008) (per curiam) (summarily affirming the district court's order closing the habeas corpus civil action pending the outcome of the criminal case because "[w]here a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition.").

In light of the pending criminal proceedings against Plaintiff, the undersigned recommends that this case be dismissed without prejudice. As such, the undersigned does not address Plaintiff's Application, but notes that it is deficient because, *inter alia*, it has not been notarized.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 1**) be **DENIED** and the case be **DISMISSED without prejudice**.

2. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on September 21, 2017.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Brian J. Davis
United States District Judge

*Pro Se* Plaintiff